UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STEPHEN WAYNE RICHARDSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00203 |
| | § | |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, | § | |
| | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER OF TRANSFER

This is a habeas action filed on August 11, 2023, by a state prisoner incarcerated at the McConnell Unit, located in Bee County, Texas. (D.E. 1). In his petition, Petitioner challenges his 2012 Bexar County conviction and sentence for manslaughter. (D.E. 1). While Petitioner labels his petition as one filed under 28 U.S.C. § 2241, it is clear he is challenging the constitutionality of his conviction and therefore, it is more appropriately filed under 28 U.S.C. § 2254. Further, as Petitioner has filed several habeas petitions under § 2254 in the Western District of Texas raising similar arguments which have all been dismissed, it appears Petitioner is attempting to circumvent the second or successive bar by filing this petition under § 2241 and in the Southern District of Texas. *See Richardson v. Davis*, No. 5:18-cv-542-XR (W.D. Tex. July 2, 2018) (Dismissal Order); *Richardson v.*


*Davis*, SA-20-CA-558-DAE (W.D. Tex. May 7, 2020) (Dismissal Order); *Richardson v. Davis*, 5:20-cv-677-JKP (W.D. Tex. July 6, 2020) (Dismissal Order); *Richardson v. Lumpkin*, 5:21-cv-853-JKP (W.D. Tex. Sept. 24, 2021) (Dismissal Order); *Richardson v. Lumpkin*, SA-22-CA-505-XR (W.D. Tex. May 23, 2022) (Dismissal Order).

A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000). Petitioner's place of incarceration is in the Corpus Christi Division of the Southern District of Texas, 28 U.S.C. § 124(b)(6), and he was convicted by a court located in Bexar County in the San Antonio Division of the Western District of Texas. 28 U.S.C. § 124(d)(4).

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. §§ 1404(a) and 1406(a). A habeas application may be transferred in furtherance of justice to the district court within which the state court was held which convicted and sentenced the petitioner. 28 U.S.C. § 2241(d). Because Petitioner was convicted in Bexar County, it is more convenient and would further the interests of justice for this action to be handled in the San Antonio Division of the Western District of Texas. The records of his conviction and the prosecutor and defense lawyers are all located in the San Antonio Division of the Western District of Texas. Further, he has filed multiple habeas petitions in the Western District of Texas challenging this same conviction.

Accordingly, it is ordered that this case be **TRANSFERRED** to the United States District Court for the Western District of Texas, San Antonio Division. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

ORDERED on August 15, 2023.

                                                  Jason B. Libby
                                        United States Magistrate Judge